UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN THE MATTER OF:

SONYA P. BIVENS,                                          Case No.: 11-08532
                                                          Chapter 7 – Filed: 08/15/2011
    Debtor.
_____/ /

**TRUSTEE'S SECOND MOTION FOR ACCOUNTING AND TURNOVER AND REQUEST THAT DEBTOR BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH PREVIOUS ORDER OF COURT**

**NOW COMES** Thomas A. Bruinsma, Trustee ("Trustee"), by and through his attorneys, Rayman & Knight, and for his Second Motion for Accounting and Turnover and Request that Debtor be Held in Contempt for Failure to Comply with Previous Order of Court ("Motion"), says as follows:

1. That he is the duly appointed and acting Trustee with respect to the above-captioned Chapter 7 proceeding which was filed on August 15, 2011 ("Petition Date").

2. That among the assets of this estate there exists the Debtor's right to receive tribal benefits and estimated tax refunds that were the subject of a certain Motion for Accounting and Turnover [DN 32] and this Court's Order Granting Motion for Accounting and Turnover [DN 36].

3. That since the Court's Order, although the Debtor did, on April 6, 2013, pay the Trustee $2,000.00, the Debtor has not provided the Trustee an accounting of the tribal benefits received since the date of the Petition (August 15, 2011).

4. That the Debtor is in violation of this Court's Order.

5. That by this Motion, your Trustee requests:

    a. That the Trustee's fees and expenses for the maintenance of this Motion be ordered paid by the Debtor. The Trustee estimates that

    his fees and expenses will be $590.00;

  b. That this Court enter a Second Order requiring turnover, specifically delineating that an accounting of all tribal benefits received by the Debtor be provided to the Trustee within seven (7) days of the entry of an Order granting the Motion;

  c. That this Court order the Debtor to turnover all tribal benefits received by her in excess of $6,705.00 (since the date of the Petition); and

  d. That the Debtor be held in contempt for failure to provide an accounting previously to the Trustee and turnover non-exempt tribal benefits.

6. That although your Trustee hesitates seeking to hold any Debtor in contempt, the entry of an Order finding the Debtor in civil contempt is appropriate under these circumstances. First, the Debtor has violated not only this Court's Order for turnover of monies, but has failed to turnover an accounting, thus failing to account for property of the estate. Moreover, an Order for Civil Contempt, when entered by the Court, could be purged by the Debtor's compliance along with the payment of the fees and expenses for the maintenance of this Motion.

  **WHEREFORE,** your Trustee prays for relief consistent with this Motion.

            **RAYMAN & KNIGHT**
            Attorneys for Trustee

Dated: January 20, 2014    By: \_\_\_\_\_/s/_____
                 Steven L. Rayman (P30882)

BUSINESS ADDRESS:
141 East Michigan Avenue, Suite 301
Kalamazoo, MI  49007
Telephone: (269) 345-5156